**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Juan A. DELGADO,**
**Defendant–Appellant.**

**Juan A. DELGADO,**
**Petitioner–Appellant,**

v.

**UNITED STATES of America,**
**Respondent–Appellee.**

**Nos. 90–1545, 90–2433.**

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 11, 1990.

Decided July 3, 1991.

Rehearing and Rehearing In Banc
Denied Sept. 6, 1991.

R. Jeffrey Wagner, Asst. U.S. Atty., Office of the U.S. Atty., Milwaukee, Wis., for the U.S.

Frederick F. Cohn, Chicago, Ill. and Paul E. Sicula, Atinsky, Kahn, Sicula & Teper, Milwaukee, Wis., for Juan A. Delgado.

Before COFFEY, EASTERBROOK and RIPPLE, Circuit Judges.

COFFEY, Circuit Judge.

Juan Delgado appeals his conviction and sentence, pursuant to a plea agreement, of one hundred forty-four months of confinement on one count of conspiracy to possess cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and § 846 as well as from the district court's dismissal of his motion for postconviction relief under 28 U.S.C. § 2255. We affirm.

## I. FACTUAL BACKGROUND

Delgado's conviction resulted from a series of cocaine sales made to an undercover agent of the Wisconsin Department of Justice from June through August, 1989. Delgado was indicted on one count of conspiracy to possess cocaine with intent to distribute and two counts of possession of cocaine with intent to distribute. On August 14, 1989, the court set bail in the amount of $75,000, and further conditioned his release on his reporting to the court's pre-trial services office weekly and undergoing a urinalysis test at times directed by the court's pre-trial services office. Delgado's urinalysis produced positive results for codeine on October 5, 1989 and October 19, 1989, and for cocaine on November 9, 1989 and December 11, 1989. In his responses to inquiries from pre-trial services personnel following the positive drug tests Delgado denied any drug use while out on bail.

Defendant pled guilty on December 22, 1989, and, in the course of the pre-sentence investigation, he denied that he had been convicted of illegal possession of a weapon in Passaic County, New Jersey, under the alias of Juan Martinez. Delgado made this denial even though he was an absconder from court imposed probation on this conviction. An arrest warrant was issued on May 6, 1977, for his failure to appear for a probation violation hearing and thereafter a detainer was filed after his apprehension. During his sentencing hearing on February 20, 1990, Delgado finally admitted to both his drug use and his New Jersey weapons conviction.

In sentencing Delgado the district court imposed a two-level upward adjustment for obstruction of justice based upon Delgado's false statements to the probation officer concerning his criminal record as well as his untrue declarations to pre-trial services personnel denying drug use while released on bail.

Delgado appealed his sentence. During the pendency of this appeal, Delgado filed a motion for post-conviction relief with the district court under 28 U.S.C. § 2255, attempting to vacate his sentencing based upon ineffective assistance of counsel. The trial court summarily dismissed the post-conviction relief motion and Delgado appeals from the dismissal. Pursuant to Delgado's request, we consolidated his appeals.

## II. ISSUES PRESENTED

This case presents the following:

(1) Did the district court err in providing Delgado with a two-level upward enhancement for obstruction of justice under Guideline § 3C1.1;

(2) Should Delgado have received a two-level downward adjustment for acceptance of responsibility under § 3E1.1 of the Guidelines;

(3) Should the trial court have summarily dismissed Delgado's motion for post-conviction relief under 28 U.S.C. § 2255?

## III. OBSTRUCTION OF JUSTICE

██ Delgado challenges the court's two-level upward adjustment for his obstruction of justice under Guidelines § 3C1.1.[1] As we noted in *United States v. Osborne*, 931 F.2d 1139, 1153 (7th Cir.1991):

> "In reviewing a district court's finding that a preponderance of the evidence supported a determination that a defendant obstructed justice, we have held that: 'The sentencing court's determination that a defendant obstructed justice is ... a finding of fact. Thus, our review is under a clearly erroneous standard.' *United States v. Brown*, 900 F.2d 1098, 1103 (7th Cir.1990)."

Delgado misrepresented his criminal history to the probation officer conducting his pre-sentence investigation. As we noted in *United States v. Jordan*, 890 F.2d 968, 973 (7th Cir.1989), a case upholding an upward adjustment for obstruction of justice: "The application notes [to Guideline Section 3C1.-1] list examples suggestive of behavior that would call for the adjustment, including '... furnishing material falsehoods to a probation officer in the course of pre-sentence or other investigation of the court.'" (Quoting Application Note 1(e)). It is difficult to conceive of a more material falsehood than a defendant lying to a probation officer concerning the extent of his criminal record during the pre-sentence investigation. This is particularly true when the defendant fails to appear for a violation of probation hearing, was subject to an outstanding arrest warrant for the failure and, thus, was an absconder from probation (detainer filed). Thus, the false information Delgado gave the court officer concerning his New Jersey criminal record provided a sufficient factual basis for the court to find obstruction of justice under § 3C1.1 of the Guidelines. *See also United States v. Ojo*, 916 F.2d 388, 392–93 (7th Cir.1990) (upholding obstruction of justice adjustment where a defendant provided false information concerning her "name, date of birth, length of residence in the United States, current address, family history, financial status and arrest record" to a pre-trial services officer during an investigation concerning setting the amount of an appearance bond); *United States v. Gaddy*, 909 F.2d 196, 199 (7th Cir.1990) (upholding obstruction of justice adjustment where a defendant provided a false name to FBI agents and lied about his arrest and fingerprint record).

In *United States v. Osborne*, 931 F.2d 1139, 1164–68 (7th Cir.1991), we considered the related issue of whether the government was required to honor a term of a plea agreement requiring it to recommend a particular criminal history category under the Sentencing Guidelines in light of the defendant's inaccurate representation of his criminal record. *Id.* at 1166. We held that: "Where a defendant has failed to fully disclose his complete criminal history during plea agreement negotiations, the government is not required to be bound by an inaccurate recitation of the defendant's criminal history." *Id.* Just as the *Osborne* court held that the defendant's misrepresentations regarding his criminal record relieved the government of an obligation to carry out the agreement to recommend a particular criminal history category, it was proper for the trial court here to conclude that Delgado's inaccurate declarations regarding his criminal record in combination with his false statements concerning his drug use, interfered with the Probation Office's investigations and recommendations and merited application of the upward adjustment for obstruction of justice.

██ Although Delgado's provision of false information concerning his criminal record, in itself, justifies the application of the obstruction of justice adjustment, this enhancement is further supported by Delgado's denial of drug use while released on bail to pre-trial services personnel following positive drug tests. In *Jordan*, we also considered a situation where a defendant

---

**1.** Section 3C1.1 of the Sentencing Guidelines provides:

"If the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense, increase the offense level by 2 levels."

denied drug use when confronted with a drug test which was positive for the presence of cocaine. We held that:

> "The district court did not clearly err in finding that Jordan's continued drug use while out on bail for a drug-related conviction was material to the disposition of his case, and therefore that his lie about that conduct was a material falsehood. Jordan's drug abuse during the pendency of his drug-dealing prosecution was directly relevant to both the Probation Officer and the district court in determining how Jordan's case should be handled. Monitoring the behavior of convicted defendants is a integral and critical function of the Probation Officer and of the courts in criminal case management. Such monitoring is particularly important in cases involving defendants with criminal records who have pleaded guilty to drug dealing. The importance of monitoring is buttressed by the very fact that the Probation Office takes urine specimens from defendants in Jordan's position.

> We infer that the district court found that Jordan was trying to obstruct investigation of his drug-related activities as a whole, a finding bolstered by the two incidents of drug dealing that followed his plea on the urinalysis test. Jordan willfully attempted to hinder the prosecution and disposition of his case. A false statement about drug use during the sentencing stage of criminal court proceedings could thus be seen as constituting 'obstruction of justice during … prosecution' of the case against Jordan."

*Jordan,* 890 F.2d at 973. Although Jordan's positive drug test and denial of drug use took place while awaiting sentencing, and Delgado's occurred when he was on bail prior to the entry of his guilty plea, we have determined that furnishing false information to court officials prior to conviction can constitute obstruction of justice. In *United States v. Ojo,* 916 F.2d 388, 392–93 (7th Cir.1990), we held that provision of false information concerning name, date of birth, residence in the United States, current address, family history, financial status and arrest record to a pretrial services officer in connection with the setting of bail conditions constituted obstruction of justice under Section 3C1.1 of the Guidelines. Likewise, the provision of false information to a pre-trial services officer with respect to drug use while under court supervised bail release constitutes a material falsehood that, of itself as well as in combination with the false declarations to the probation officer during the pre-sentence investigation, justifies the court's two-level enhancement for obstruction of justice under Guidelines Section 3C1.1.[2] *Cf. United States v. Osborne,* 931 F.2d 1139, 1164–68 (7th Cir.1991) (Holding that government did not breach a plea agreement in recommending a higher criminal history category where the defendant's representation of his criminal record was materially false).

---

**2.** It should be noted that Delgado argues that obstruction of justice should not have been found because his false statements concerning his criminal record and drug use were attempts to assert his Fifth Amendment privilege against self-incrimination. Delgado cites *United States v. Oliveras,* 905 F.2d 623 (2d Cir.1990) (per curiam), where the Second Circuit held that the acceptance of responsibility adjustment could not be conditioned on admission of criminal behavior other than that which was the subject of the defendant's conviction. Even if we were to agree with *Oliveras,* Delgado's case is distinguishable because it involves two affirmative material falsehoods concerning matters relevant to pre-trial supervision and the calculation of sentence rather than government attempts to require the defendant to waive a Fifth Amend-

ment privilege against self-incrimination concerning alleged criminal conduct that was not the subject of his conviction.

Furthermore, this case is distinguishable from *United States v. Fiala,* 929 F.2d 285, 289–90 (7th Cir.1991), decided after oral argument, where we refused to apply the obstruction of justice enhancement to a case where a defendant's falsehood uttered to law enforcement officers was "neither material nor could it possibly be said to have significantly obstructed the trooper's investigation." *Fiala,* 929 F.2d at 290. Here the material falsehoods during pre-trial supervision and the pre-sentence investigation significantly obstructed the probation officer's supervision, investigation and recommended punishment of Delgado.

## IV. ACCEPTANCE OF RESPONSIBILITY

■ Delgado contends that the trial court should have entitled him to a two-level downward adjustment for acceptance of responsibility under Section 3E1.1 of the Guidelines.[3] Delgado did not raise this challenge in the district court. Thus, we may reverse the trial court's failure to grant the acceptance of responsibility adjustment only if it was "plain error." *United States v. White*, 903 F.2d 457, 466–67 (7th Cir.1990). We observed that:

"A plain error is an error that is 'not only palpably wrong but [is] also likely to cause the outcome of the trial to be mistaken.' *United States v. Kehm*, 799 F.2d 354, 363 (7th Cir.1986). 'A reversal on the basis of plain error can be justified "only when the reviewing court is convinced that it is necessary in order to avert an actual miscarriage of justice."' [*United States v. Requarth*, 847 F.2d 1249, 1254 (7th Cir.1988) ] (quoting *United States v. Silverstein*, 732 F.2d 1338, 1349 (7th Cir.1984), *cert. denied*, 469 U.S. 1111, 105 S.Ct. 792, 83 L.Ed.2d 785 (1985))."

*United States v. Dietrich*, 854 F.2d 1056, 1060 (7th Cir.1988).

In *Osborne* we stated:

"As we noted in *United States v. Camargo*, 908 F.2d 179 (7th Cir.1990): ' "[T]he sentence judge is in a unique position to evaluate a defendant's acceptance of responsibility," and thus the judge's determination "is entitled to great deference on review and should not be disturbed unless it is without foundation."' 908 F.2d at 185. In [*United States v. Sullivan*, 916 F.2d 417, 420 (7th Cir.1990) ] we recognized that the Guidelines authorize a trial judge to consider a number of relevant factors in determining whether a defendant has accepted responsibility:

'The Application Notes following § 3E1.1 of the Guidelines sets forth a non-inclusive list of considerations that a court may use in determining whether a defendant "clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct." Several relevant considerations include: (1) voluntary termination or withdrawal from criminal conduct or association; (2) voluntary and truthful admission to authorities of involvement in the offense and related conduct; (3) voluntary surrender to authorities promptly after the commission of the offense; and (4) the timeliness of the defendant's conduct in manifesting the acceptance of responsibility.' *Sullivan*, 916 F.2d 420."

*Osborne*, 931 F.2d at 1154.

■ A downward adjustment for acceptance of responsibility under Section 3E1.1 is warranted in a case where the defendant has obstructed justice only under very unusual and exceptional mitigating circumstances. Application Note 4 to Section 3E1.1 of the Guidelines reads:

"Conduct resulting in an enhancement under Section 3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct. There may, however, be extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply."

And we hasten to add Delgado has failed to convince us that this is an "extraordinary" case meriting an acceptance of responsibility adjustment despite the finding of obstruction of justice. When a defendant gives false information to the Probation Officer concerning his criminal record in the course of a pre-sentence investigation, and denies the use of drugs during interviews with his pretrial services officer, his conduct certainly will not be considered

**3.** Section 3E1.1 of the Guidelines provides:
"(a) If the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct, reduce the offense level by 2 levels.
(b) A defendant may be given consideration under this section without regard to whether his conviction is based upon a guilty plea or a finding of guilt by the court or jury or the practical certainty of conviction at trial.
(c) A defendant who enters a guilty plea is not entitled to a sentencing reduction under this section as a matter of right."

as meriting consideration for acceptance of responsibility for his criminal activity. Thus the trial court did not commit plain error when it failed to grant Delgado a downward adjustment for acceptance of responsibility under Section 3E1.1.

## V. DISMISSAL OF MOTION FOR POST–CONVICTION RELIEF

Following his sentencing, Delgado presented the district court with a motion for post-conviction relief under 28 U.S.C. § 2255 alleging ineffective assistance of counsel. Specifically, Delgado claimed that his attorney failed to meet with him to warn him of the necessity for truthfulness prior to his interview with the probation officer during the pre-sentence investigation, did not express Delgado's desire to cooperate with the government in apprehending other drug dealers, failed to explain that the Fifth Amendment right against self-incrimination did not give Delgado the right to deny to court officials that he was wanted in New Jersey, did not warn Delgado of the consequences of the use of patent cough medicine containing codeine while on bail, failed to correct the defendant's false statements with prompt communications to the prosecutor and probation officer and generally neglected his duty to facilitate communication between the defendant and prosecutor. It should be noted that Delgado had prior experience with the criminal justice system as a result of his arrest and conviction in the state of New Jersey on the illegal possession of weapon charge. The trial court after reviewing the motion, summarily dismissed Delgado's motion under Rule 4 of the rules governing post-conviction relief under 28 U.S.C. § 2255. The court found that the "reasons defendant avers for his former counsel's ineffective assistance fall short of the *Strickland* [*v. Washington*] standard," noting that "[e]ach of the grounds defendant asserts appear to be examples of the defendant's failures that he now seeks to impute to his former counsel."

Delgado's motion for post-conviction relief was dismissed under Rule 4(b) of the Rules Governing Section 2255 Proceedings, which provides:

"The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate."

As we observed in *Liss v. United States*, 915 F.2d 287, 290 (7th Cir.1990), summary dismissal of section 2255 motions is encouraged in appropriate cases:

" '[M]erely raising a § 2255 motion does not automatically entitle the defendant to a hearing.' *United States v. Politte*, 852 F.2d 924, 931 (7th Cir.1988). This court made clear in *Politte* that to allow indiscriminate hearings in federal post-conviction proceedings would eliminate the chief virtues of the justice system—speed, economy and finality. *Id.* In fact, 'a judge should dismiss the petition without a hearing if it plainly appears from the facts of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief.' *Aleman v. United States*, 878 F.2d 1009, 1012 (7th Cir.1989) (quoting Rule 4(b) of the Rules Governing Section 2255 Proceedings)."

*Cf. McCleskey v. Zant*, — U.S. —, 111 S.Ct. 1454, 1461–71, 113 L.Ed.2d 517 (1991) (Recognizing dismissal of second habeas corpus petition for abuse of writ).

Review of the dismissal of Delgado's section 2255 motion requires us to determine whether Delgado received ineffective assistance from his counsel during his sentencing. In *United States v. Moya–Gomez*, 860 F.2d 706, 763–64 (7th Cir.1988), *cert. denied*, 492 U.S. 908, 109 S.Ct. 3221,

106 L.Ed.2d 571 (1989), we set forth the requirements for establishing ineffective assistance of counsel:

"The defendant bears a heavy burden in establishing an ineffective assistance of counsel claim. He must show (1) that the attorney's representation fell below an objective standard of reasonableness (performance prong), *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984), and (2) that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different (prejudice prong), *id.* at 694, 104 S.Ct. at 2068. *See also United States ex rel. Barnard v. Lane*, 819 F.2d 798, 802 (7th Cir.1987); *United States v. Hillsberg*, 812 F.2d 328, 336 (7th Cir.), *cert. denied*, [481 U.S. 1041], 107 S.Ct. 1981, 95 L.Ed.2d 821 (1987). With regard to the performance prong, the defendant must identify the specific acts or omissions of counsel that formed the basis for his claim of ineffective assistance. *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066. The court 'must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.' *Id.* The court's scrutiny of counsel's performance must be conducted with a high degree of deference and without the distorting effects of hindsight. *Id.* at 689, 104 S.Ct. at 2065; *United States v. Sherwood*, 770 F.2d 650, 655 (7th Cir.1985). As to the prejudice prong of the inquiry, a 'reasonable probability' of a different result means a 'probability sufficient to undermine confidence in the outcome [of the trial].' *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068."

This standard applies to the assistance of counsel at sentencing. *See United States v. Slaughter*, 900 F.2d 1119, 1124–25 (7th Cir.1990) (applying *Strickland* standard to assistance at sentencing).

▰▰ Delgado contends that his attorney's performance was deficient in that he failed to meet with him prior to his interviews with the probation officer, did not inform Delgado of the necessity to respond truthfully to the probation officer's inquiries, did not tell Delgado that untruthful answers to questions are improper means to assert the Fifth Amendment privilege against self-incrimination and did not warn him of the importance of disclosing all drug use, including the ingestion of over the counter cough medicine containing codeine. Acceptance of Delgado's position would lead to a *per se* requirement that attorneys anticipate that their clients will be ignorant of the very basic obligation to be truthful with the court's probation office. It is a ridiculous argument that an attorney is required to warn his client of this obvious duty. In *Lewis v. United States*, 902 F.2d 576, 577 (7th Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 202, 112 L.Ed.2d 163 (1990), we rejected an analogous contention that effective assistance of counsel requires an attorney to inform his client prior to a guilty plea of the obvious fact that a conviction may adversely affect sentencing.

"[D]efense counsel does not violate his constitutional duty of minimally adequate representation when he fails to warn the defendant that one possible consequence of a guilty plea is a more severe sentence for a future crime.... [D]efendants know that repeat offenders are punished more severely than first offenders. Guilty plea proceedings under Rule 11 are protracted enough as it is, without requiring judge and counsel to advise the defendant of things that he already knows perhaps as well as they do."

It should be noted that Delgado had experience with the criminal justice system as pointed out earlier. Certainly, all persons should be cognizant of the duty and responsibility to be truthful including during their contacts with court officials. But an individual with prior experience in the criminal justice system should be especially aware of the obligation of truthfulness as we noted in a case where a defendant was untruthful in describing the extent of his criminal history:

"[I]t is proper to conclude that Osborne, not a first offender and thus familiar with the criminal justice system, was

well aware, at the time of his interview and entry into the plea agreement, that he was failing to give an accurate recitation of his arrest and criminal history. Osborne had repeated experience in dealing with law enforcement personnel and the courts which included six arrests and five convictions. Osborne's experience in dealing with prosecutors and the criminal courts clearly should have made him aware that misdemeanors are crimes and will be considered in determining the extent of his criminal history."

*Osborne,* 931 F.2d at 1168 (footnote omitted). In a judicial system where justice can only be attained through truthful witnesses, the obligation to be honest with federal court personnel is an obvious duty and responsibility of all. Thus, an attorney's failure to explicitly inform his client of the necessity to tell the truth does not constitute the deficient performance necessary for a finding of ineffective assistance of counsel.

■ Delgado further contends that his attorney should have more promptly informed the probation officer and the prosecutor of Delgado's false statements concerning his drug use and criminal record, after Delgado informed him of his lack of candor. We have determined that when a defendant "has failed to establish 'that there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceedings would have been different,' [*Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068] ... we need not examine whether [the attorney's] performance was deficient." *Slaughter,* 900 F.2d at 1124–25. *See also United States v. Fakhoury,* 819 F.2d 1415, 1424 (7th Cir.1987) ("[W]e need not assess the performance component of the *Strickland* analysis because the appellant clearly has not satisfied his burden of showing prejudice."), *cert. denied,* 484 U.S. 1026, 108 S.Ct. 749, 98 L.Ed.2d 762 (1988). In this case there is not a reasonable probability that a correction of the false statements at an earlier date would have altered the court's deci-

sion to impose the upward adjustment for obstruction of justice under Section 3C1.1 of the Guidelines. On two occasions we have held that the obstruction of justice adjustment may apply even when a defendant recants untrue information provided to authorities within a period of days after the information was provided. *See United States v. Gaddy,* 909 F.2d 196, 199 (7th Cir.1990) (furnishing a false name to agents constituted an attempt to obstruct justice under Section 3C1.1 even though the defendant provided his real name two days later); *United States v. Dillon,* 905 F.2d 1034, 1039 (7th Cir.1990) (provision of false name of cocaine source obstructed justice even though the following day the defendant provided the true name of the source). With regard to Delgado's argument that he could have received an acceptance of responsibility adjustment under Section 3E1.1 of the Guidelines if his trial counsel had communicated his recantation of his untruthful statements at an earlier time, we note that Delgado completely failed to request an acceptance of responsibility adjustment in the district court.[4] It is very doubtful and mere speculation that communication of the recantation of Delgado's untrue statements at a prior date would have resulted in the trial court choosing to provide Delgado with an acceptance of responsibility adjustment that Delgado never requested. Thus, because the result of the proceedings would likely have been the same regardless of whether the court was aware that Delgado desired to recant his false declarations at a time just immediately prior to the sentencing hearing, we are convinced that Delgado did not suffer prejudice from the failure of his attorney to expeditiously correct Delgado's false statements.

■ Delgado finally asserts that his attorney failed to adequately pursue the question of whether Delgado might cooperate with the government's efforts to prosecute other drug dealers and failed to maintain consistent communication with the government on this issue. At the sentenc-

---

4. Curiously, Delgado does not allege that his attorney's failure to raise the acceptance of re-
sponsibility adjustment constituted ineffective assistance of counsel.

ing hearing, Delgado and the government extensively discussed the question of Delgado's cooperation. While the government did not move to depart downward based upon cooperation, it demonstrated a willingness to "sit down and talk to" Delgado about his possible cooperation following sentencing. Both the government and the trial court explicitly stated that the government could file a motion for downward departure under Rule 35 of the Federal Rules of Criminal Procedure within a year of sentencing based on any assistance Delgado might provide to authorities. Thus, Delgado's offer to cooperate at the time of sentencing, the government's willingness to consider cooperation after sentencing, the government's option to file a Rule 35 motion within a year of sentencing if Delgado provided "substantial assistance in the investigation or prosecution of another person who has committed an offense," Federal Rule of Criminal Procedure 35(b), and the trial judge's recognition of the government's opportunity to file this motion, require the conclusion that Delgado suffered no prejudice from any failure of defense counsel to fully communicate with the government regarding Delgado's willingness to cooperate prior to sentencing. Accordingly, the trial court properly determined that Delgado's claims of ineffective assistance of counsel were meritless and appropriately entered an order summarily dismissing Delgado's post-conviction motion.

The trial court's sentence of Delgado and its summary dismissal of his post-conviction motion under 28 U.S.C. § 2255 are

AFFIRMED.