966 F.2d 1457
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Phyllis J. TORUM, Petitioner/Appellant,
v.
UNITED STATES of America, Respondent/Appellee.
 Nos. 90-2693, 91-1438.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 8, 1992.*
Decided June 24, 1992.
 
 Before BAUER, Chief Judge, and FLAUM, and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Phyllis Torum, pro se, appeals the denial of her motion under Federal Rule of Criminal Procedure 35 (No. 90-2693) and the dismissal of her motion filed pursuant to 28 U.S.C. § 2255 (No. 91-1438), which we have consolidated for the purpose of disposition.
 
 BACKGROUND
 
 2
 In 1982, Ms. Torum was convicted of filing false claims against the United States, 18 U.S.C. § 287, and sentenced to a five-year term of imprisonment to be followed by five years' probation. She began serving her term of probation in 1986. In 1989, the probation office petitioned the district court to revoke her probation for having violated the terms of her probation, namely, 1) violating the law by committing theft and fraud, and 2) failing to notify her probation officer at once when she was out of work. Her probation was revoked, and on December 28, 1989 she was sentenced to serve a five-year term of imprisonment on the probation revocation. Ms. Torum then filed a number of documents in the district court.
 
 FEDERAL RULE OF CRIMINAL PROCEDURE 35
 
 3
 In February 1990, Ms. Torum filed a motion to correct an illegal sentence, Fed.R.Crim.P. 35, in which she alleged that false allegations were made against her and that the district court misinterpreted documents in evidence. The district court denied this motion on July 5, 1990. Although Ms. Torum filed her notice of appeal late, the district court found excusable neglect. On May 28, 1992, we ordered Ms. Torum to show cause why the appeal should not be dismissed for lack of prosecution pursuant to Circuit Rule 31(c)(2). Ms. Torum has failed to respond to this order. Accordingly, the appeal of her Rule 35 motion is dismissed.
 
 28 U.S.C. § 2255
 
 4
 On November 16, 1990, Ms. Torum filed a motion pursuant to 28 U.S.C. § 2255, alleging: 1) that the Probation Officer made false allegations against her; 2) that the district court would not allow documents in evidence to be explained; and 3) ineffective assistance of counsel during the probation revocation proceeding due to counsel's failure to file a direct appeal. On November 30, 1990, the government moved to dismiss her § 2255 motion. In the meanwhile, on December 10, 1990, we dismissed Ms. Torum's direct criminal appeal, which was filed on August 24, 1990, for lack of jurisdiction. On January 18, 1991, the district court asked the government the status of all of Ms. Torum's pending motions in the Seventh Circuit. The government responded that Appeal No. 90-2901 had been dismissed and that Appeal No. 90-2693 was pending.[1] The government asked the district court to hold in abeyance any order requiring response with respect to outstanding motions pending the resolution of Appeal No. 90-2693. The district court then dismissed all of the motions that Ms. Torum had pending in the district court that related to her probation revocation, including her § 2255 motion, on February 4, 1991 for lack of jurisdiction.
 
 
 5
 While a § 2255 action is normally improper during the pendency of a direct criminal appeal, United States v. Davis, 604 F.2d 474, 484 (7th Cir.1979) (although there is no jurisdictional bar to entertaining a § 2255 motion during the pendency of a direct criminal appeal, "the orderly administration of criminal law precludes considering such a motion absent extraordinary circumstances"); but see United States v. Delgado, 936 F.2d 303 (7th Cir.1991) (deciding together both the direct criminal appeal and the appeal from the denial of a § 2255 motion), this is not the case here, the only pending appeal being from the denial of a Rule 35 motion. Thus, the district court did have jurisdiction to hear Ms. Torum's claim under § 2255 and incorrectly dismissed it on that basis. Without expressing an opinion of the merits on this incomplete record, we vacate the district court's dismissal of her § 2255 motion and remand this cause.
 
 CONCLUSION
 
 6
 For the above reasons, the appeal of the Rule 35 motion, appeal No. 90-2693, is DISMISSED for lack of prosecution, and the district court's dismissal of the § 2255 motion, appeal No. 91-1438, is VACATED and REMANDED for further proceedings consistent with this order.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in appeal No. 91-1438. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 Appeal No. 90-2901 referred to Ms. Torum's direct criminal appeal. Appeal No. 90-2693 referred to the appeal of her Rule 35 motion. The confusion could have been alleviated had the government responded to the district court's request for the status of Ms. Torum's appeals by subject matter rather than only by docket number