980 F.2d 733
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Steven HAYES, Defendant/Appellant.
 No. 91-2964.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 13, 1992.*
Decided Dec. 3, 1992.
 
 Before COFFEY and EASTERBROOK, Circuit Judges, and WOOD, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 A federal grand jury in the Western District of Wisconsin issued an indictment against Steven Hayes, charging him with conspiring to manufacture amphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Hayes pleaded guilty to conspiring to manufacture amphetamine. Chief Judge Crabb determined that Hayes's criminal history placed him in Category III of the Sentencing Guidelines and that the offense level under the Guidelines was 24. Accordingly, Chief Judge Crabb imposed a sentence of 78 months. See U.S.S.G. § 5A.
 
 
 2
 Hayes appeals his sentence under 18 U.S.C. § 3742. He contends that he was denied effective assistance of counsel at his sentencing because his attorney failed to argue that Hayes was a "minor participant" in the conspiracy. See U.S.S.G. § 3B1.2(b).
 
 
 3
 Whether Hayes can raise on direct appeal the issue of the adequacy of his counsel is an unresolved question in this circuit. See United States v. Donaldson, No. 90-3575, slip op. at 22-23 (7th Cir. Oct. 28, 1992). On one side is our decision in United States v. Nero, 733 F.2d 1197, 1297 (7th Cir.1984) ("[T]he issue of ineffectiveness of counsel, if not presented before the district court, will not be addressed on appeal."). On the other side is our decision in United States v. Taglia, 922 F.2d 413, 417-18 (7th Cir.1991) (defendant must present claim of ineffective assistance on direct appeal, for if record supports the claim, any delay waives it). See also United States v. Castillo, 965 F.2d 238, 243 (7th Cir.1992) (agreeing with Taglia ). However, the government has waived this issue, and therefore we consider Hayes's claim of ineffective assistance of counsel. See Donaldson, slip op. at 23.
 
 
 4
 We review a challenge to the effectiveness of counsel under the two-part test set forth in Strickland v. Washington, 460 U.S. 668 (1983). This test applies to the performance of counsel at sentencing. Darden v. Wainwright, 477 U.S. 168, 184 (1986); United States v. Delgado, 936 F.2d 303, 310 (7th Cir.1991), cert. denied, 112 S.Ct. 972 (1992). Hayes must establish that his attorney's performance at the sentencing was constitutionally deficient and that the deficiency prejudiced Hayes. The prejudice part of the test requires Hayes to show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 460 U.S. at 687.
 
 
 5
 We need not consider the performance part of the test because Hayes cannot show that he was prejudiced by his attorney's representation at the sentencing. See United States v. Acquilla, No. 91-1951, slip op. at 15 (7th Cir. Sept. 29, 1992); United States v. Slaughter, 900 F.2d 1119, 1124-25 (1990). It is not reasonably probable that Chief Judge Crabb could have accepted a contention by Hayes's attorney that Hayes was a "minor participant" in the conspiracy. Application of the two-level reduction in offense level under section 31B.2(b) of the Sentencing Guidelines is heavily dependent on the facts of the particular case. U.S.S.G. § 3B1.2 background; see also United States v. Miller, 891 F.2d 1265, 1270 (7th Cir.1989). We review a sentencing court's determination that a defendant is not a minor participant under a deferential, not a de novo, standard. United States v. Cojab, No. 91-3903, slip op. at 3 (7th Cir. Oct. 27, 1992). Indeed, we will disturb this determination only if we are left "with the definite and firm conviction that a mistake has been committed." United States v. Golden, 954 F.2d 1413, 1416 (7th Cir.1992). The record in this case does not support a contention that Hayes was a minor participant.
 
 
 6
 At Hayes's sentencing Chief Judge Crabb stated that the court was "accepting the guideline calculations as submitted by the Probation Office" with one exception not relevant to this appeal. Sentencing Transcript, August 5, 1991, at 14. "We believe it is reasonable to presume then that the district court adopted the probation officer's findings that [Hayes] was not a 'minor participant' within the meaning of section 3B1.2(b)." United States v. Brick, 905 F.2d 1092, 1095 (7th Cir.1990).
 
 
 7
 The presentence report showed that Hayes was much more than the "errand boy" that he claimed to be. The report stated that Hayes had attempted to conceal the laboratory where amphetamine was being produced upon learning that his co-conspirators had been arrested in Texas. Hayes had traveled to Wisconsin with his co-conspirators expressly to set up a clandestine laboratory to manufacture amphetamine. He contributed to the operation by powdering the amphetamine substance once it was manufactured. Moreover, it was Hayes who installed electrical wiring and fluorescent lights for the laboratory, all the time realizing that the laboratory was to be used to manufacture amphetamine. In fact, Hayes admitted that he had been involved in the manufacture of amphetamine in a laboratory in Texas before going to Wisconsin.
 
 
 8
 There is no reasonable probability that Chief Judge Crabb could have considered Hayes a "minor participant" in the conspiracy had his attorney so argued at the sentencing. Hayes was not the driving force behind the conspiracy, but he was not just an "errand boy," either. He performed integral duties to maintain the conspiracy, and he attempted to conceal it. The fact that Hayes's co-conspirators may have been "more guilty" than he does not inevitably lead to a conclusion that Hayes was only a minor participant in the crime. United States v. Miller, 891 F.2d 1265, 1271 (7th Cir.1989); see also United States v. Navarez, 954 F.2d 1375, 1382 (7th Cir.1992); United States v. Sergio, 934 F.2d 875, 881 (7th Cir.1991); United States v. Bigelow, 914 F.2d 966, 975-76 (7th Cir.1990). Hayes's sentence is therefore AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs