**UNITED STATES of America, Plaintiff,**

v.

**William Bull PRINGLE, III, et al., Defendants.**

**Crim. No. 82–249–C.**

United States District Court,
D. Massachusetts.

March 22, 1985.

John C. Doherty, U.S. Atty., Boston, Mass., for U.S.

Joseph Oteri, James W. Lawson, Oteri, Weinberg & Lawson, Boston, Mass., Herbert S. Moncier, Knoxville, Tenn., for defendant MacAfee.

Robert W. Ritchie, John E. Eldridge, Knoxville, Tenn., for defendant Parker.

Michael A. Laurano, Robert Muse, Boston, Mass., for defendant Pringle.

CAFFREY, Chief Judge.

This case is before the Court on remand from the Court of Appeals for the First Circuit. The defendants appealed their convictions for conspiracy to possess marijuana with intent to distribute and possession of marijuana with intent to import it into the United States. The Court of Appeals vacated this Court's order denying defendant's motion to dismiss for violation of the Speedy Trial Act, 18 U.S.C. § 3161, and remanded the case for redetermination of that motion. *United States v. Pringle, et al.*, 751 F.2d 419 at 436 (1984). The Court of Appeals identified sixty-two non-excludable days in the case exclusive of the period from January 10, 1983 to May 23, 1983 and directed this Court to examine whether any or all of that period was excludable. The Court of Appeals ruled that if any more than eight non-excludable days were found, the case must be dismissed for violation of the seventy day Speedy Trial Act limit.

The circumstances surrounding the delay of this trial are somewhat complex. In November 1982 the case was on the docket of a three-judge panel, chaired by Judge Garrity, but was scheduled for reassignment to a single judge in December of 1982. On November 17, 1982 the defendants moved for a continuance of the hearing on dispositive motions then scheduled for November 29 and a continuance of the trial which was scheduled for December 6, 1982. In support of that motion for continuance, counsel for all three defendants filed affidavits reciting extensive commitments before other courts and tribunals as distant as Tennessee, Oregon, and Florida. These other matters in other courts included two capital cases, a disciplinary proceeding against a member of the bar of the State of Tennessee, a criminal case involving seven co-defendants and hearings before the Merit Systems Protection Board.

Defendant's motion to dismiss also contained the following statement: "6. ... all defendants in the above-captioned matter waive their rights to a speedy trial."

Judge Garrity allowed the motion and tentatively rescheduled the trial for January 10, 1983 "subject to confirmation by judge to whom case is reassigned." There was, however, no hearing on any other proceeding on the case until May 23, 1983. During the interim, the matter was redrawn to the undersigned but did not come to the Court's attention until mid-May, at which time the May 23 status conference was promptly scheduled.

The Court of Appeals has made it clear that because of the public interest in speedy trials a defendant may not waive his interest in a speedy trial. Therefore,

the purported waiver found in defense counsel's motion for continuance was ruled ineffective. *Id.* at 33. However, speaking for the Court of Appeals, Judge Bownes observed "[W]here a waiver creates delay, such delay will be excludable. [d]efense counsel, as officers of the Court have a responsibility to keep in mind the two-fold purpose of the Speedy Trial Act ... [d]efense counsel may not simultaneously use the Act as a sword and shield. We think it unethical and dishonest for defense counsel to waive the Act in the trial court and then disclaim such waiver upon appeal." Judge Bownes also observed (at p. 31) "[I]t is not clear, however, whether the period of delay following the waiver should be considered nonexcludable. This depends on whether or not the waiver caused or contributed to the delay."

Subsequent to the remand, an evidentiary hearing was held to resolve the question of whether or not the above-quoted waiver caused or contributed to the delay from January 10 to May 23, 1983.

At the hearing, the government called former Assistant United States Attorney John L. Doherty as a witness and affidavits were submitted by Attorney Doherty, who was trial counsel for the United States and by Attorneys Herbert S. Moncier, counsel for MacAfee and Attorney Robert W. Ritchie, counsel for defendant Parker. On the basis of the sworn testimony of Mr. Doherty, and having in mind the contents of the affidavits from other counsel, I find that the government did not "accelerate the pace" of the scheduling of this case nor did it press the defendants or the Court to agree on an earlier trial date because of Mr. Doherty's reliance on the representations, in the motion for continuance, to the effect that defendants (without limitations of any kind) waived their rights to a speedy trial. I find that this delay was further caused by Mr. Doherty's reliance on a number of conversations with defense counsel which Mr. Doherty had during the months following the filing of the waiver. For example, Attorney Ritchie described in detail to Mr. Doherty his extensive commitments to criminal trials in many other parts

of the United States. Attorney Lawson, co-counsel for MacAfee, told Mr. Doherty that his law firm was extremely busy with major criminal trials scheduled in Miami and New Orleans and also that his firm was concerned with "more pressing matters." Mr. Doherty relied on the fact that Attorney Muse, counsel for Pringle, was not anxious to schedule trial because Mr. Muse told Mr. Doherty that he (Muse) was afraid that the redrawing of the case gave his client "maximum exposure" as a result, Mr. Muse made it clear that he was not in a hurry for Mr. Doherty to try and establish a trial date.

I believe Mr. Doherty's testimony that at no time during many conversations with counsel for all three defendants did any defense counsel state or hint to Mr. Doherty that any defense counsel or his client had any interest in the Speedy Trial Act or in a speedy trial. Quite to the contrary, counsel for all three defendants stated to Mr. Doherty that they were of the opinion that the case was a "loser and that the defendants, all of whom were enlarged on bail, were content with the situation." Mr. Doherty testified that he was of opinion that the delay was also caused by the pre-Mitchell opinion erroneously held by all counsel that all time during the pendency of a dispositive motion was excludable and Mr. Doherty also testified that problems related to the Classified Information Procedures Act was a minor factor in the delay.

On all the evidence, I find that the defendants' waiver was the substantial, predominant, and proximate cause of the leisurely pace at which the case proceeded and I find that this waiver coupled with the above-described conversations between Mr. Doherty and defense counsel caused and contributed to the delay.

I credit Mr. Doherty's statement that had it not been for the waiver, he would have pressed the Court for an earlier trial date and would have attempted to accelerate the pace of the litigation.

It should be noted that Mr. Doherty's affidavit establishes that no defendant

pressed for a trial date or raised a Speedy Trial claim until June 9, 1983. Significantly, after Attorney Muse filed his speedy trial claim, Mr. Doherty was advised by Attorneys Lawson, Ritchie and Eldridge (an associate of Ritchie's) that they were unhappy because Muse had filed the motion stating to Mr. Doherty "we had an agreement." I rule that the statement in Mr. Ritchie's affidavit as to his unarticulated intent that the waiver by his client not be indefinite, has no probative value in the context of this case because the unarticulated intention, even assuming it existed, would have no effect on the reasonableness of Mr. Doherty relying on the unqualified motion for a waiver which stated no time limit. On the basis of the foregoing, I find and rule that former Assistant United States Attorney John Doherty's reliance on the unqualified waiver was reasonable on his part in the light of his many conversations with defense counsel discussed above, and I find that the waiver was the major and proximate cause and a contributing factor to the delay. Accordingly, I rule that an order should enter denying the motions to dismiss for violation of the Speedy Trial Act in order to prevent defense counsel from simultaneously using the Act as a sword and shield by waiving the provisions of the Speedy Trial Act in this Court and then attempting to disclaim the waiver in the Court of Appeals. A hearing on the question of sanctions, referred to in page 38 of Judge Bownes' opinion, will be scheduled for 2:00 p.m. on April 22, 1985.

Order accordingly.