**UNITED STATES of America, Plaintiff–Appellee,**

v.

**John L. CULP, Jr., Defendant–Appellant.**

No. 92–2290.

United States Court of Appeals, Seventh Circuit.

Argued June 8, 1993.

Decided Oct. 13, 1993.

Rehearing Denied Nov. 19, 1993.

---

Sheila Finnegan, Asst. U.S. Atty., Madeleine S. Murphy, Asst. State Atty., Crim. Div., Chicago, IL, for plaintiff-appellee.

Charles E. McFarland (argued), Newton Falls, OH, for defendant-appellant.

Before COFFEY and MANION, Circuit Judges, and ALDISERT, Senior Circuit Judge.*

COFFEY, Circuit Judge.

John L. Culp ("Culp") was indicted on four counts of income tax evasion in violation of 26 U.S.C. § 7201 and four counts of failure to file income tax returns in violation of 26 U.S.C. § 7203, and arraigned on June 20, 1990. On August 15, 1991, Culp moved to have his case dismissed pursuant to the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.,* and the motion was denied. He went to trial on January 14–15, 1992, was convicted before a jury on all counts (8), ordered to pay a special assessment of $400, sentenced to six- teen months in prison, and placed on probation (supervised release) for three years.

Culp contends that the district court erred in denying his motion to dismiss on Speedy Trial grounds. We affirm.

I.

Following Culp's arraignment and entry of a not guilty plea on June 20, 1990, the record reveals a series of defense pretrial motions which in turn served to delay Culp's criminal trial date. Most notably, on July 10, 1990, Culp filed a motion to produce jury panel information pursuant to 26 U.S.C. § 6103(h)(5). In a supporting memorandum, he advised the district court that in order to "fully exercise his Sixth Amendment right to trial by jury" he needed to discover which of the prospective jurors in his case had been the subject of an IRS tax investigation. The defendant asked the court to order the clerk of the U.S. District Court for the Northern District of Illinois, Eastern Division to send him a list of the potential jurors in his case along with their "addresses, social security numbers and any other identifying information." He would then forward the list to the Secretary of the Treasury, who in turn would provide him with the IRS-related information he sought. He warned the court that *he would require at least ninety days after receiving the list of jury panel members* in order to obtain this information from the Secretary of the Treasury.

The defendant also filed numerous pretrial motions on other matters, including a motion, which was granted, to stay proceedings pending the Supreme Court's decision in *Cheek v. United States,* 498 U.S. 192, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991).

At a status hearing on January 24, 1991, defendant's counsel reminded the court that it had not yet decided his July 10, 1990, motion to produce jury panel information. Counsel further stated that even after his motion was granted, *he would require 60 to 120 days* in order to give the Secretary of the Treasury enough time to supply him with the information requested. Thereafter, at the court's invitation, defendant's counsel drafted

* The Honorable Ruggero J. Aldisert, Senior Cir- cuit Judge, Third Circuit, sitting by designation.

an order (1) directing the clerk of the court to mail Culp a list of the 125 prospective jurors, (2) directing the Secretary of the Treasury to respond promptly to the defendant's written inquiry as to "whether each of the prospective jurors has ever been the subject of an IRS investigation" since the year 1965 (*see* 26 U.S.C. § 6103(h)(5)), (3) requiring the defendant to mail the court a copy of his request for juror information when he sent that request to the Secretary of the Treasury, and (4) directing the defendant to *"notify the court immediately upon receipt from the Secretary of the Treasury of the requested information."* The order, drafted by Culp's counsel and approved by the court on February 28, 1991, concluded by noting that *"the time beginning January 24, 1991, and ending on the date the Defendant receives the requested jury information is excludable."*

On April 3, 1991, the court held a telephone status conference which was neither recorded nor transcribed, but the record discloses that the court issued the following order the next day:

"The Court hereby directs that the Clerk for the Northern District of Illinois and the United States Attorney's Office for the Northern District of Illinois, provide to the Court the jury list prepared pursuant to 26 U.S.C. Section 6103 in *United States v. Ryan,* 90 CR 265, for use in *United States v. Culp, Jr.,* 90 CR 264."

The U.S. Attorney's Office provided the *Ryan* jury list to the court on June 20, 1991, and mailed a copy to the defendant's attorney (also the counsel of record in the *Ryan* case). The defendant's contention on appeal is that somehow the court was aware that defense counsel had the juror list as well as the specific information he needed on April 3, 1991. But according to the record not once between April 3, 1991 and June 20, 1991 did the defendant inform the court that he had in his possession the necessary juror information and was ready to proceed to trial.

On August 6, 1991 at a status hearing, Culp raised the Speedy Trial Act violation for the first time and the court ordered briefing on the issue. In his motion and brief filed on August 15, Culp moved to dismiss his case on the grounds that 136 "non-excludable" days had elapsed between his arraignment on June 20, 1990 and August 6, 1991. In its Memorandum Opinion and Order dated September 10, 1991, 1991 WL 235190, the court noted that Culp, in the order his attorney drafted (February 28, 1991), had agreed to exclude from the Speedy Trial Act the number of days required to receive the requested jury panel information. The order further set forth that defense counsel was obligated to notify the court upon his receipt of this information. Thus, the court ruled that the period of excludable time did not end until June 20, 1991, when the government produced the *Ryan* juror list.

The trial judge also ruled that, even if the Speedy Trial clock began ticking on April 3, 1991 (the date the court approved the use of the *Ryan* list), rather than on June 20, 1991 (when the U.S. Attorney forwarded the list), Culp had waived his Speedy Trial rights through June 20, 1991 because he instigated the delay "by filing numerous pre-trial motions, by agreeing to a stay, and by agreeing to exclude time until he received the requested jury information." The district court relying on *United States v. Kucik,* 909 F.2d 206 (7th Cir.1990), *cert. denied,* 498 U.S. 1070, 111 S.Ct. 791, 112 L.Ed.2d 853 (1991), found that Culp:

"... never raised Speedy Trial Act issues while pursuing his § 6103 motion. Culp never informed the court or the Government of his desire for an immediate trial or that he would be pursuing a motion pursuant to the STA at any time during these lengthy pretrial proceedings."

## II.

We must determine whether the trial court committed clear error in treating the April 3–June 20 period as excludable time under the Speedy Trial Act.

## III.

The Speedy Trial Act provides that:

"In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence with-

in seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C. § 3161(c)(1). The Speedy Trial Act allows for the exclusion of several specific "periods of delay" from the 70–day calculation, including delays "resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(F).

Culp pled not guilty at his arraignment on June 20, 1990, and his trial commenced on January 14, 1992. The parties agree that, due to the defendant's pretrial motions and requests for continuances, all of the time from June 20, 1990 (Culp's arraignment) until July 10, 1990 (filing of Culp's request for jury information) is excludable for Speedy Trial purposes. It is also undisputed that a second period of excludable time commenced upon the defendant's July 10 motion for in depth juror information. The defendant disputes the termination date of the second period of excludable time.

The defendant contends that this period of excludable time ended with the April 3, 1991, telephone status conference at which time the court decided to use the *Ryan* jury list in the *Culp* case. The defendant now argues that 125 nonexcludable days elapsed before a third period of excludable time began on August 6, 1991.

Culp somehow claims, without a scintilla of documentation in the record, that during the April 3, 1991, telephone status conference both the court and the government "understood" that, since the *Ryan* list was in his (defendant's) possession, he now had the jury panel information he requested in his July 10, 1990 motion. Therefore, Culp concludes, since the court's February 28, 1991, order provided that the period of excludable time would only last until he received the request-

ed jury information, and since the court understood that he had this information on April 3, 1991, the period of excludable time ended on that date.

The government counters that the period of excludable time attributable to the defendant's July 10, 1990, motion for jury panel information did not conclude with the April 3, 1991, telephone conference, but continued until June 20, 1991, when the government provided the Court and the defendant with a copy of the *Ryan* jury list. Thus, the government postulates that only 47 nonexcludable days had elapsed before the disputed period of excludable time terminated on August 6, 1991.

At oral argument, the government did not dispute that Culp's counsel may have had a copy of the *Ryan* jury *list* in his possession on April 3, 1991, but stated emphatically that Culp failed to apprise either the court or the government during the April 3 telephone status conference that he had in his possession the specific juror *information* he previously advised the court he needed to obtain from the Secretary of the Treasury.

In its opinion and order of September 10, 1991, the district court reconstructed the hearing in this manner:

> "On April 3, 1991, during a telephone status hearing, Culp's attorney received a jury list used in another criminal case, *United States v. Ryan*, No. 90 CR 265; however, Culp's attorney did not receive the jury list assigned to his case. Therefore, in our minute order dated April 4, 1991, we directed the United States Attorney's office to provide the court and Culp [1] with the jury list to be used in this case. On June 20, 1991, the Assistant United States Attorney provided the jury list to Culp. At no time has Culp suggested that the Secretary of the Treasury, the United States Attorney or the Clerk of the Court failed to provide him with the requested information in a timely manner."

---

**1.** Actually, the record discloses that while the court's order directed the U.S. Attorney's Office to send a copy of the list to the court, no mention was made of sending the list to Culp. Nonetheless, the government attorney·has a professional obligation to provide a copy to defense counsel of any papers, documents or exhibits he files with the court in order to avoid an *ex parte* contact with the judge. *See* ABA Model Rules of Professional Conduct, Rule 3.5(b).

Thus, the district court found that because "Culp agreed [by drafting the order the court signed on February 28, 1991] to exclude all time for purposes of the Speedy Trial Act until he received jury information for the jury to be used in his case," and because he "did not receive that information until June 20, 1991," only 47 days had accrued for Speedy Trial purposes before he raised his motion to dismiss on August 6, 1991.

On appeal, we review the district court's interpretation of the Speedy Trial Act *de novo,* and we review its findings of fact for clear error. *United States v. Tanner,* 941 F.2d 574, 579 (7th Cir.1991) (citations omitted), *cert. denied,* —— U.S. ——, 112 S.Ct. 1190, 117 L.Ed.2d 432 (1992).

The record before us is troublesome concerning (1) the exact content of the April 3 telephone status conference[2] and (2) when the court became apprised of the fact that the defendant had the juror information he had requested in the order entered on February 28. Contrary to the defendant's contention that the court was aware on April 3, 1991 that the defendant had the requested juror information, the trial court found and the government agrees that the court did not become aware of this fact until June 20, 1991. We are limited in our review to the evidence before us, and based on that record, we agree with the trial court and conclude that the court did not err in finding that it became aware that the defendant had received all the information he was requesting on June 20, 1991.[3]

If, in fact, defense counsel possessed this information prior to that date, he had an affirmative obligation to inform the court that he had obtained the information he requested (as required in the February 28 order he drafted) and that he was ready and willing to proceed to trial. If the court were to accept defendant's argument, it would only invite and encourage defendants to work "both sides of the street, lulling the court and prosecution into a false sense of security only to turn around later and use the waiver-induced leisurely pace of the case as grounds for dismissal." *United States v. Pringle,* 751 F.2d 419, 434 (1st Cir.1984), *on remand,* 607 F.Supp. 105 (D.C.Mass.), *rev'd sub nom. United States v. McAfee,* 780 F.2d 143 (1st Cir.1985), *vacated,* 479 U.S. 805, 107 S.Ct. 49, 93 L.Ed.2d 10 (1986).

The defendant's failure to affirmatively inform the court is similar to the events which occurred in *United States v. Kucik,* 909 F.2d 206 (7th Cir.1990). After obtaining a mistrial, the defendant in *Kucik* filed a motion for a transcript and agreed that the production of the transcript could be delayed pending a decision by the government on whether it would retry him. When Kucik later moved to dismiss his case because he was not retried within 70 days, this court held that "[w]here a defendant actively participates in a [delay] ... he cannot then 'sand-bag' the court and the government by counting that time in a speedy trial motion." *Kucik,* 909 F.2d at 211. Similarly, in the case before the court, Culp requested that the trial court exclude the time necessary to obtain his requested juror information and was ordered as well as obligated to notify the court as soon as he received this information. As in *Kucik,* we are convinced that the defendant's trial delaying tactics served to waive any objection to the court excluding time and thus we deny the defendant's motion to dismiss under the Speedy Trial Act.[4] *See id.*

2. Even though the court memorialized the April 3, 1991 telephone status hearing in the record, confusion remains because defense counsel somehow speculates in support of his theory that it was "understood" that he had the juror list and the juror information without any documentation of this alleged "understanding."

3. In the January 24, 1991 status conference, the defense counsel informed the court that it could set a trial date 30 days after he received all the requested juror information. If, as the defendant maintains, everyone "understood" that he had all the juror information he requested as of April 3,

then it is interesting to note that the court order dated April 4 did not set a trial date. This lends further support to the conclusion that the court, on April 3, did not know defendant was in possession of the information he desired.

4. We find it interesting that had the defendant truly been interested in a speedy trial, he could have informed the court on January 24, 1991 that he possessed the *Ryan* list and it would be acceptable to him if it was agreeable with the court to make use of the *Ryan* list in the present case. Instead, he advised the court that he needed 60–120 days after receiving a new list to

We hold that the district court did not err in denying the defendant's Speedy Trial Act motion because the defendant failed to inform the court that he had all the juror information he desired and was ready to proceed to trial. The district court's order denying the defendant's motion to dismiss is

AFFIRMED.

obtain further information from the U.S. Treasury under 26 U.S.C. § 6103(h)(5). In the February 28 order defense counsel drafted, he once again stated he would need further time. Thus, we are convinced that the defendant waived any objection to the court excluding the time from April 3, 1991 until June 20, 1991.