**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Robert L. ROTHROCK, Defendant–Appellant.**

No. 92–4149.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 9, 1993.

Decided March 30, 1994.

Patrick Hansen, Asst. U.S. Atty. (argued), Office of the U.S. Atty., Dyer, IN, for plaintiff-appellee.

George E. Becker (argued), Chicago, IL, for defendant-appellant.

Before GIBSON,* CUMMINGS and FLAUM, Circuit Judges.

FLOYD R. GIBSON, Circuit Judge.

Robert Rothrock appeals the district court's denial of his motion to dismiss for violation of the Speedy Trial Act, 18 U.S.C. § 3161 et seq. (1988), and the speedy trial protections of the Sixth Amendment. He also appeals the court's denial of his motion to withdraw his guilty plea due to ineffective assistance of counsel. We affirm.

## I. BACKGROUND

Rothrock was arrested on November 7, 1990, for distributing a controlled substance and was detained throughout all subsequent proceedings related to his arrest. On December 11, the government filed an information charging him with one count of distributing phenylcyclohexylethylnamine (PCE) and one count seeking forfeiture of his home. Arraignment was to take place that same day, but the matter was continued until January 14, 1991, upon the motion of both parties. On January 14, both parties asked for another continuance, and the matter was continued to February 7. On both occasions, Rothrock joined the government's request

---

* The Honorable Floyd R. Gibson, Circuit Judge from the Eighth Circuit, is sitting by designation.

that the time be excluded under the Speedy Trial Act.

On February 7, Rothrock was arraigned and he plead not guilty to the charges. On February 25, Rothrock waived indictment, and a plea hearing was set for April 2. At the hearing, a plea agreement was filed, and sentencing hearings were held on November 27 and December 17. On July 16, 1992, Rothrock filed pro se motions to dismiss for violations of due process and the Speedy Trial Act. A hearing was held one week later, and the court denied both motions the day after the hearing. Rothrock then requested, and was granted, a continuance so he could file additional motions. These motions were denied on December 14.

Meanwhile, on September 14, Rothrock filed a motion to have his retained counsel withdraw, which was granted on September 17. On December 11, Rothrock's new attorney filed a motion to withdraw Rothrock's plea based on ineffective assistance of counsel. The motion was denied on December 14, and Rothrock was sentenced on that day to a term of sixty-three months of imprisonment. Rothrock appeals.

## II. DISCUSSION

### A. Speedy Trial Act

■ The Speedy Trial Act ("the Act") required that Rothrock's trial begin within seventy days of the filing of the information. 18 U.S.C. § 3161(c)(1) (1988). However, certain periods of time are excluded from the seventy-day calculation. *See id.* at § 3161(h). If the period of time covered by both continuances is excluded, the Act would not have been violated because there would have been only 54 days of non-excludable time between the filing of the information and Rothrock's guilty plea. On the other hand, if the time covered by either the first continuance (thirty-four days) or the second continuance (twenty-four days) was non-excludable under the Act, the seventy-day requirement would have been violated.

In granting the continuances, the district court relied on 18 U.S.C. § 3161(h)(8)(A), which excludes any delay caused by a continuance when "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." The government contends the district court made the required findings based on Rothrock's desire to test the drug. Rothrock does not deny that the court made the appropriate findings, but contends the continuances were granted because plea negotiations were taking place and that this is an improper reason to exclude time under § 3161(h)(8).

■ After reading the transcripts, we would tend to agree with the government. However, we find it much easier to affirm the district court based on the fact that Rothrock joined the government in requesting the continuances. A defendant cannot obtain a continuance, request that the time be excluded for the Act's purposes, and then count that time in a speedy trial motion. *United States v. Culp,* 7 F.3d 613, 617 (7th Cir.1993); *United States v. Kucik,* 909 F.2d 206, 211 (7th Cir.1990), *cert. denied,* 498 U.S. 1070, 111 S.Ct. 791, 112 L.Ed.2d 853 (1991). Accordingly, we hold that the delay caused by the continuances was excludable from the seventy-day calculation and that therefore the Act was not violated.

### B. Sixth Amendment

■ Rothrock contends the twenty month delay between the entry of his guilty plea and sentencing violated his Sixth Amendment right to a speedy trial.[1] Assuming, without deciding, that the speedy trial right applies to sentencing proceedings, *see United States v. Melody,* 863 F.2d 499, 504–05 (7th Cir.1988), we hold that Rothrock's rights were not violated in this case.

The right to a speedy trial is a vague concept, incapable of precise evaluation. *Barker v. Wingo,* 407 U.S. 514, 521, 92 S.Ct. 2182, 2187, 33 L.Ed.2d 101 (1972). In determining whether the right has been violated,

---

1. "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial...."

U.S. Const. amend. VI.

we start by examining the length of delay; "[u]ntil there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance. . . . [T]he length of delay that will provoke such an inquiry is necessarily dependent upon the peculiar circumstances of the case." *Id.* at 530–31, 92 S.Ct. at 2192. (footnote omitted). Once a sufficient delay has been identified, the reason for the delay must be examined and the defendant's assertion of the right is considered. *Id.* at 531, 92 S.Ct. at 2192. Finally, we determine whether the defendant has been prejudiced. Prejudice is gauged by considering the interests the right is designed to protect: "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that defense will be impaired." *Id.* at 532, 92 S.Ct. at 2193 (footnote omitted).[2]

As noted earlier, the length of time between Rothrock's guilty plea and his sentencing was approximately twenty months. We will not detail the entire sequence of events that followed Rothrock's guilty plea. We simply note that the bulk of the delay was caused by the extraordinary difficulty in figuring out how to sentence Rothrock given that the Sentencing Guidelines made no provision for PCE. Resolution of this difficult legal issue was postponed by Rothrock's request for continuances in order to allow him to file objections to the pre-sentence report. Rothrock also filed pro se motions that raised speedy trial issues, which caused further delay. Finally, Rothrock requested a change of counsel; his motion was granted, which necessitated still more delay.[3]

Rothrock did assert his rights under the Speedy Trial Act. As this motion was filed pro se, we have no difficulty construing this as an assertion of his rights under the Sixth Amendment. Finally, we turn to the question of prejudice. We note that two of the interests are diminished in this case. *See Perez v. Sullivan,* 793 F.2d 249, 256 (10th Cir.), *cert. denied,* 479 U.S. 936, 107 S.Ct.

413, 93 L.Ed.2d 364 (1986). First, because Rothrock pled guilty, there was no "oppressive pretrial incarceration" pending sentencing. Although Rothrock was incarcerated while the sentencing issues were being determined, he would have been incarcerated even if he had been sentenced immediately upon entering his guilty plea, and the delay in sentencing did not extend Rothrock's total period of incarceration. Similarly, though Rothrock undoubtedly suffered anxiety about his future, it was certain that he was going to be imprisoned. When *Barker* and other cases discuss anxiety, they do so in terms of the anxiety that a defendant suffers while awaiting a trial and the opportunity to prove his or her innocence. 407 U.S. at 532 n. 33, 92 S.Ct. at 2193 n. 33. With regard to the final interest, there is no suggestion that the delay damaged Rothrock's case. In light of the reasons for the delay and the lack of prejudice stemming from it, we do not believe the twenty month delay in this case violated the speedy trial requirements of the Constitution.

## C. Motion to Withdraw Guilty Plea

Rothrock contends he should have been allowed to withdraw his guilty plea because his counsel was ineffective in three respects: 1) he did not know the elements of the offense with which Rothrock was charged, 2) he did not know how PCE would be classified under the Sentencing Guidelines, and 3) he failed to raise any speedy trial issues.

A defendant claiming ineffective assistance of counsel "must show (1) that his attorney's representation fell below an objective standard of reasonableness (performance prong), and (2) that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different (prejudice prong)." *United States v. Moya–Gomez,* 860 F.2d 706, 763 (7th Cir.1988), *cert. denied,* 492 U.S. 908, 109 S.Ct. 3221, 106 L.Ed.2d 571 (1989) (citations omitted). "This standard applies to the

2. As made clear in *Moore v. Arizona,* 414 U.S. 25, 26, 94 S.Ct. 188, 189–90, 38 L.Ed.2d 183 (1973) (per curiam), these are factors and not requirements; all four must be evaluated, considered, and weighed.

3. Our observations about the causes for delay should not be read as suggesting improper motives on Rothrock's part.

assistance of counsel at sentencing," *United States v. Delgado*, 936 F.2d 303, 310 (7th Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 972, 117 L.Ed.2d 137 (1992), and the defendant carries a "heavy burden" to prove both prongs. *Moya–Gomez*, 860 F.2d at 763.

■ With regard to Rothrock's first claim, we see no need to address the performance prong because we do not believe Rothrock has carried his burden of proving that he was prejudiced. *See Delgado*, 936 F.2d at 311. During the proceedings at which Rothrock entered his guilty plea, his attorney did misstate the degree of knowledge necessary to be found guilty of distributing a controlled substance.[4] The trial court immediately corrected the statement, prompting a conversation off the record between Rothrock and his attorney. Following this conversation, Rothrock testified that he "understood to best of [his] knowledge at the time that [PCE] was a controlled substance." In light of the district court's explanation of the law and Rothrock's subsequent testimony, we fail to see how counsel's deficient performance on this issue (assuming it was deficient) prejudiced Rothrock.

■ We believe Rothrock has failed to prove either prong with respect to his remaining two claims. Counsel's failure to know how PCE would be treated under the Sentencing Guidelines is not an example of deficient performance; this was a difficult, unresolved legal issue as demonstrated by the expert testimony necessary to its resolution. Attorneys are not constitutionally ineffective simply because they do not know the answers to questions that have not been resolved by the courts. In any event, Rothrock admitted the basic functions of the Sentencing Guidelines had been explained to him, and that his sentence would depend upon the combination of a variety of factors. Accordingly, we see no prejudice. Finally, in accordance with our holding that there have been no speedy trial violations, we hold that counsel was not ineffective for failing to raise any speedy trial claims and that Rothrock was not prejudiced by this failure.

### III. CONCLUSION

The continuances granted by the court prior to Rothrock's guilty plea constituted excludable delay because Rothrock requested the continuances. The twenty month delay between his plea and sentencing did not violate the Sixth Amendment's guarantee to a speedy trial in light of the reasons for that delay and the lack of prejudice to the interests the right is designed to protect. Finally, trial counsel was not constitutionally ineffective, so Rothrock was not entitled to withdraw his guilty plea. We AFFIRM the district court.

---

4. Specifically, counsel indicated that Rothrock did not need to know that the substance he was selling was a controlled substance.