53 F.3d 333
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Berry D. ALTMEYER, Petitioner-Appellant,
v.
Daniel R. McBRIDE, Superintendent, Respondent-Appellee.
 No. 93-3646.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 26, 1995.*
Decided May 4, 1995.
 
 Before CUMMINGS, EASTERBROOK and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Petitioner brought an action seeking a writ of habeas corpus, 28 U.S.C. Sec. 2254. The district court denied relief, and petitioner appealed. We affirm.
 
 Discussion
 
 2
 Petitioner is an inmate at the Correctional Industrial Complex in Pendleton, Indiana serving a lengthy sentence for child molestation and attempted child molestation.[1] Petitioner maintains he is entitled to a writ of habeas corpus because his trial took place outside the period prescribed in Indiana's speedy trial rule (Ind. R. Crim. P. 4(B)(1)). Petitioner's contention fails for several reasons.
 
 
 3
 First, petitioner's primary arguments are directed toward Indiana's state law requirements. These claims are not cognizable, for habeas corpus jurisdiction is limited to evaluating alleged violations of federal statutory or constitutional law. See Del Vecchio v. Illinois Dept. of Corrections, 31 F.3d 1363, 1370 (7th Cir. 1994). It is not the function of federal courts to reevaluate state court determinations on state law issues. Bloyer v. Peters, 5 F.3d 1093, 1098 (7th Cir. 1993) (citing Estelle v. McGuire, 112 S. Ct. 475, 480 (1991)).
 
 
 4
 Second, to the extent petitioner attempts to raise a federal constitutional claim, the claim is barred because petitioner failed to fairly present the federal claim to the state courts. A state prisoner must fairly present his federal claim to the state courts as a precondition to seeking habeas relief. Verdin v. O'Leary, 972 F.2d 1467, 1472-73 (7th Cir. 1992). See also Green v. Peters, 36 F.3d 602, 605 (7th Cir. 1994). A petitioner's argument to the state court will not have fairly presented his federal claim unless he: 1) relied upon pertinent federal cases employing constitutional analysis; 2) relied on state cases applying constitutional analysis; 3) asserted the claim in terms so particular as to call to mind a specific constitutional right; or 4) alleged a pattern of facts that was well within the mainstream of constitutional litigation. Verdin, 972 F.2d at 1473-74. Petitioner's brief to the Indiana Supreme Court only argued in terms of the Indiana state rule and cited three cases dealing only with the Indiana state rule. (See Record #11, Exhibit #2 pp. 8-9).[2] Thus, the claim was not fairly presented to the Indiana state courts.
 
 
 5
 Further, even if the claim had been fairly presented to the state courts[3], it would fail on the merits. Petitioner claims a delay of only 42 days. (See petitioner's brief at 11). Further, the delay was due to a congested state court docket and petitioner cites no prejudice caused by the delay. Under these circumstances, there has been no violation of petitioner's Sixth Amendment rights. See generally Doggett v. United States, 112 S. Ct. 2686 (1992); United States v. Rothrock, 20 F.3d 709, 711-12 (7th Cir. 1994).
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed. R. App. P. 34(a); Cir. R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 Appellant's conviction was affirmed on direct appeal. See Altmeyer v. State, 519 N.E.2d 138 (Ind. 1988)
 
 
 [2]
 One of the cases cited in the brief to the state court even noted the difference between the Indiana standard and the federal standard (the Indiana standard being deemed far stricter). See Loyd v. State, 398 N.E.2d 1260, 1266 (Ind. 1980), cert. denied, 449 U.S. 881 (1980). Petitioner was represented by counsel in his state court appeal
 
 
 [3]
 The failure to raise a claim in state court will only be excused if the petitioner can show cause and prejudice. Green, 36 F.3d at 606. Normally a remand to the district court to ascertain whether there was cause and prejudice would be required. Id. A remand is not necessary in this case, however. Petitioner has not alleged any cause of prejudice for the failure to raise the claim in state court. Further, while the interests of comity and judicial efficiency will usually be better served by requiring complete exhaustion of a claim before it may be reviewed in a federal habeas proceeding, where petitioner does not raise even a colorable federal claim, a federal court may dismiss the petition on the merits. Granberry v. Greer, 481 U.S. 129, 134-36 (1987); United States ex rel. Simmons v. Gramley, 915 F.2d 1128, 1140 (7th Cir. 1990)