85 F.3d 632
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Robert ROTHROCK, Petitioner-Appellant
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-2562.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 8, 1996.[1]
Decided May 13, 1996.
 
 Before FLOYD R. GIBSON,[2] Circuit Judge CUMMINGS and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 Robert Rothrock seeks release from custody under 28 U.S.C. § 2255 (1988), arguing that he has been denied due process through the denial of his statutory right to a speedy trial and that his guilty plea was not knowing and voluntary. The district court denied his petition, and we affirm.
 
 I. BACKGROUND
 
 2
 This is the second time this panel has considered Robert Rothrock's case. See United States v. Rothrock 20 F.3d 709 (7th Cir.1994). The facts relevant to the instant appeal are as follows: Rothrock was originally arrested on November 7, 1990, for distribution of a controlled substance. On December 11, the Government filed a two-count indictment charging him with one count of distributing phenylcyclohexylethylamine (PCE) in violation of 21 U.S.C. § 841(a) (1988), and seeking forfeiture of his home. Rothrock was arraigned on February 7, 1991, and initially pleaded not guilty. On February 25, Rothrock waived indictment before the magistrate, and a plea hearing was set for April 2. At that hearing Rothrock pleaded guilty pursuant to a plea agreement. Sentencing hearings were held on November 27 and December 17 in order to determine how to treat PCE under the applicable version of the Guidelines that made no specific provision for that controlled substance. On July 16, 1992, Rothrock filed pro se motions to dismiss for violations of due process and the Speedy Trial Act, 18 U.S.C. § 3161 et seq. (1988), which were denied following a subsequent hearing. Rothrock was ultimately sentenced on December 14, 1992, to a term of sixty-three months imprisonment.
 
 
 3
 Rothrock appealed the district court's denial of his motion to dismiss for violations of the Speedy Trial Act and the speedy trial protections of the Sixth Amendment. This panel held that there was no Speedy Trial Act violation based on the delay between the time of Rothrock's arraignment and the time of his plea. We also held that the twenty-month delay between Rothrock's plea and sentencing did not violate his Sixth Amendment speedy trial right. Finally, we rejected Rothrock's claim that ineffective assistance of trial counsel entitled him to withdraw his prior plea of guilty. Here, Rothrock appeals the district court's rejection of the same issues in a slightly different context. While some claims are clearly successive, others are legally discrete enough to merit independent examination.
 
 II. DISCUSSION
 A. Speedy Trial
 
 4
 Rothrock now contends that the district court denied him due process when it denied his demand for his statutory right to a speedy trial. This time he bases his claim on post-plea delay. Because the district court had not yet accepted his guilty plea, he argues that the delay between his plea and sentencing violated the Speedy Trial Act. This delay was occasioned by the district court's efforts to determine how PCE should be treated under the applicable version of the Guidelines, which made no provision for that particular controlled substance. These efforts included expert testimony regarding the relative potency of PCE. Rothrock does not deny that this type of delay resulting "from consideration by the court of a proposed plea agreement to be entered into by the defendant and the attorney for the Government" is excludable from the statutory speedy trial calculus under subsection (h)(1)(I). Instead he asserts that subsection (h)(1)(J) of the act limits the time in which the district court may consider a proposed plea agreement under subsection (h)(1)(I) to thirty days. In essence, Rothrock would read the thirty day limitation inherent in subsection (h)(1)(J) to limit every exclusion under subsection (h)(1). We find no support for this assertion. See United States v. Nesbitt, 852 F.2d 1502, 1514-15 (7th Cir.1988) (applying "reasonable promptness" standard to district court resolution of pre-trial motions raising complex issues in the context of an 18 U.S.C. § 3161(h)(1)(F) exclusion), cert. denied, 488 U.S. 1015 (1989).
 
 B. Voluntariness
 
 5
 Rothrock next advances four arguments in which he claims that his guilty plea was neither knowing nor voluntary in violation of the Sixth Amendment. The first and third contentions basically argue that his plea was not voluntary because his defense counsel misadvised him regarding whether knowledge that PCE was a controlled substance was an essential element of the crime. This panel fully addressed and rejected this argument on direct appeal in the context of an ineffective assistance of counsel claim allegedly justifying withdrawal of Rothrock's prior guilty plea. Based on the trial court's immediate correction of this misapprehension coupled with Rothrock's subsequent statements to the court, we concluded that any possible deficiency in representation resulted in no prejudice. Rothrock, 20 F.3d at 712-13. For the same reasons, we conclude that this error did not render Rothrock's plea involuntary.
 
 
 6
 Rothrock's second claim essentially asserts that his plea was involuntary because he was misled to believe that he would be sentenced within the Guidelines. He argues that the district court violated that agreement by going outside the Guidelines and hearing evidence in order to determine how to treat PCE under the Guidelines. But Rothrock's plea agreement entitled him to nothing more than a minimum sentence under the Guideline range, and the Guidelines themselves make it clear that the sentencing court must determine the "offense guideline section ... most applicable to the offense of conviction...." USSG § 1B1.2(a) (1990). As such, there is no evidence that the Government breached its agreement. In addition, the sentencing court meticulously explained to Rothrock during the plea colloquy that his sentence would necessarily depend on an unpredictable application of the Guidelines, and Rothrock indicated that he understood. A voluntary plea does not require cognizance of the exact sentencing range. United States v. Alvarez Ouironga, 901 F.2d 1433, 1435-36 (7th Cir.) (applied in context of Fed.R.Crim.P. 11(c)(1) challenge), cert. denied, 498 U.S. 875 (1990).
 
 
 7
 Rothrock's final claim alleges that because the district court deferred acceptance of his plea until his sentencing on December 14, 1992, he was entitled to withdraw his plea as a matter of right at any time before formal acceptance of the plea. This issue was considered and squarely rejected by this Court in United States v. Ellison, 798 F.2d 1102, 1104-06 (7th Cir.1986), cert. denied, 479 U.S. 1038 (1987).
 
 III. CONCLUSION
 
 8
 We affirm the order of the district court dismissing the petition.
 
 
 
 [1]
 An earlier appeal was argued on November 9, 1993. This successive appeal has been assigned to the original panel under Internal Operating Procedure 6(b), and the judges are unanimously of the opinion that a second oral argument would not be helpful
 
 
 [2]
 Of the Eighth Circuit, sitting by designation