NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued September 20, 2019
Decided December 3, 2019

**Before**

DIANE P. WOOD, *Chief Judge*

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 19-1946

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee*, <br><br> *v.* <br><br> CRISTIAN MANUEL YUPA YUPA, <br> *Defendant-Appellant*. | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. <br><br> No. 2:18-cr-00052-JTM-JEM-1 <br><br> James T. Moody, *Judge*. |

**O R D E R**

Cristian Yupa Yupa was born in Canar, Ecuador, and is a member of the indigenous Kichwa tribe. He immigrated to the United States in 2000 to escape, he alleges, gang recruitment. While in Ecuador, he began a sexual relationship with a young girl. This relationship continued when the two came to the United States where, when he was 25, and she was 14, he was arrested and pled guilty in the Circuit Court of Cook County, Illinois, to the state crime of criminal sexual abuse of a minor. Following his release from prison in 2004, the government deported him to Ecuador. He subsequently re-entered the United States without permission, and on April 24, 2018, he was detained while at a job site in Indiana. He was arrested on May 23, 2018, and stipulated to pretrial detention.

The government charged Yupa Yupa with one count of entering the United States without permission, to which he pled guilty without a plea agreement, on July 20, 2018. Because this is a case about timing, we must thread through some of the other key dates. The probation office filed its presentence investigation report on October 18, 2018. The government filed its sentencing memorandum on October 28, 2018, and Yupa Yupa filed his sentencing memorandum on October 29, 2018. On November 21, 2018, Yupa Yupa filed a motion to schedule a sentencing hearing. The court issued an order on February 11, 2019, scheduling the sentencing hearing for May 10, 2019. In short, the court held Yupa Yupa's sentencing hearing a little less than ten months after he entered his guilty plea and about twelve and a half months after his original detention.

On February 25, 2019, Yupa Yupa filed a motion for discharge, arguing that the delay in sentencing violated his rights under the Sixth Amendment, the Speedy Trial Act, and the Due Process Clause of the Fifth Amendment.[1] As a result, he asked the court to dismiss the charges against him. The judge denied the motion the following day, noting that the court had considered the sentencing options, that the May sentencing date would not violate Yupa Yupa's due process rights, and that he could still argue for a below-guidelines sentence. R. 32 at 2–3.

On May 10, 2019, the court sentenced Yupa Yupa to eighteen months' imprisonment and two years of supervised release, if he was not deported, removed or excluded from the United States. The United States Sentencing Guidelines suggested a sentencing range of 15–21 months. We review legal questions de novo, including due process challenges to sentencing decisions. *United States v. Hollins*, 498 F.3d 622, 629 (7th Cir. 2007).

## II.

Yupa Yupa argues that the ten-month delay between his guilty plea and sentencing violated the Federal Rules of Criminal Procedure, his right to a speedy trial pursuant to the Sixth Amendment, and his right to due process of law under the Fifth Amendment. We take each of these in turn.

Because the Supreme Court has declared that the Speedy Trial Clause of the Sixth Amendment "does not apply to delayed sentencing" we can dispense readily with this aspect of Yupa Yupa's argument. *Betterman v. Montana*, 136 S. Ct. 1609, 1613 (2016). After conviction, the primary protections against unjust delay in criminal proceedings

---

[1] Yupa Yupa appears to have abandoned any claim under the Speedy Trial Act, 18 U.S.C. § 3161 et. seq., in his appellate brief.

come not from the Sixth Amendment, but rather from the Due Process Clause and Federal Rule of Criminal Procedure 32(b)(1). As the Supreme Court noted when discussing sentencing delays:

> The primary safeguard comes from statutes and rules. The federal rule on point directs the court to "impose sentence without unnecessary delay." Fed. Rule Crim. Proc. 32(b)(1) … After conviction, a defendant's due process right to liberty, while diminished, is still present. He retains an interest in a sentencing proceeding that is fundamentally fair.

*Betterman*, 136 S. Ct. at 1617. See also *United States v. Lovasco*, 431 U.S. 783, 789 (1977) (Noting that during times of criminal proceedings in which the Sixth Amendment "speedy trial" rights are not at play, "the Due Process Clause has a limited role to play in protecting against oppressive delay"). And, in practice, these two vague notions of avoiding unnecessary delay and fundamental fairness merge and can be addressed as one. What, after all, constitutes "unnecessary delay" as described in the Federal Rules? We think this can be best answered by looking at the construct of fairness inherent in the Due Process Clause.

The Due Process Clause protects a defendant's most fundamental rights to justice. *Lovasco*, 431 U.S. at 790. To establish a due process claim, a defendant must demonstrate, at a minimum, proof of prejudice. *Id.* "[P]roof of actual prejudice makes a due process claim concrete and ripe for adjudication, not that it makes the claim automatically valid." *Id.* at 789. A court must also consider the reason for the delay and whether it is justified. *Id.* at 790.

The Supreme Court majority in *Betterman* did not describe how to evaluate a due process challenge to a sentencing delay, but in her concurrence, Justice Sotomayor noted that the majority of circuit courts use a four-factor test to determine whether a sentencing delay runs afoul of due process—a test that comes from *Barker v. Wingo*, 407 U.S. 514, 530 (1972). *Betterman*, 136 S. Ct. at 1619 (Sotomayor, J., concurring). Indeed, that is the test our circuit has been using for some time. See *United States v. Rothrock*, 20 F.3d 709, 712 (7th Cir. 1994). Under that test, a court would look at the length of the delay, the reasons for the delay, the defendant's assertion of his right, and prejudice to the defendant. *Barker*, 407 U.S. at 530.[2] But whether we use the four-factor *Barker* test or

---

[2] At least one other circuit, relying on the concurrence in *Betterman*, has determined that the *Barker* test remains the choice for evaluating undue delay in sentencing post-*Betterman*. See *United States v. James*, 712

more general principles of due process, we come, in the end, to the same conclusion. General concepts of due process require that a defendant demonstrate prejudice from the delay. *Lovasco*, 431 U.S. at 789. As we explained in *United States v. Henderson*, 337 F.3d 914, 920 (7th Cir. 2003):

> A defendant must first show more than mere speculative harm but instead must establish prejudice with facts that are specific, concrete, and supported by evidence. If a defendant makes the proper showing, the burden shifts to the government to demonstrate that the "purpose of the delay was not to gain a tactical advantage over the defendant or for some other impermissible reason." The government's reasons are then balanced against the prejudice to a defendant to determine whether a due process violation occurred.

*Id.* (internal citations omitted). In other words, no matter how we evaluate Yupa Yupa's claim of undue delay in sentencing, it fails at the same step—as he has not made a sufficient showing of prejudice.

Yupa Yupa claims that scheduling a sentencing hearing almost twelve months after his arrest (ten months after his plea), eliminated the possibility that he could receive a below-Guidelines sentence. With his recommended Guidelines range of 15–21 months, however, the district court could have sentenced him to time served or thirteen or fourteen months, and thus Yupa Yupa had the opportunity to receive a below-Guidelines sentence. The district court also could have sentenced Yupa Yupa to time served and reduced his supervised release to account for an even lower sentence. See *United States v. Johnson*, 529 U.S. 53, 60 (2000) (noting that 18 U.S.C. § 3583 provides options for relief from conditions of supervised release when an individual is incarcerated beyond the proper expiration of his prison sentence).

Given all of these choices, however, at the time of sentencing the district court chose a mid-Guidelines-range sentence of eighteen months. The court did not choose a below-Guidelines sentence, or to sentence Yupa Yupa to time served or even to the low

---

F. App'x 154, 161 (3d Cir. 2017) (noting that the circuit's prior precedent of using *Barker* to evaluate undue sentencing delay claims under the Due Process Clause survives *Betterman*); see also *United States v. Iluonokhalumhe*, No. 18-2879, 2019 WL 4316876, at *1 (3d Cir. Aug. 21, 2019) (citing *United States v. Poellnitz*, 372 F.3d 562, 570 (3d Cir. 2004)).

end of the Guidelines. The district court sentenced him to six months longer than he had already served. Yupa Yupa, therefore, was not prejudiced by the delay.

Moreover, on the date that Yupa Yupa filed a motion requesting an earlier sentencing hearing—November 21, 2018—the district court had before it the probation office's presentence investigation, the government's sentencing memorandum, and Yupa Yupa's sentencing memorandum. Thus, the issues surrounding Yupa Yupa's sentencing had been fully briefed and presented to the court at the time it rejected the request for an earlier sentencing hearing. The district court judge, in his order rejecting the motion to dismiss the case, implied that had he determined from the sentencing memoranda that Yupa Yupa was entitled to a sentence below twelve months, he would not have scheduled the sentencing hearing for the date he did. In fact, the district court indicated as much. See R. 32 at 2 ("[T]he sentence [the court] will impose impacts the sentencing dates this court chooses."). We are troubled by the notion that the court may have set its sights on a sentence before the parties had the opportunity to present their facts and arguments at the sentencing hearing. We have no evidence that this was the case here but would admonish courts to avoid even the appearance of such a practice. In any event, as we described above, at the conclusion of the sentencing hearing, the judge rejected all below-Guidelines options that were available to him and instead chose a mid-Guidelines sentence. Yupa Yupa, therefore, suffered no prejudice as the result of the delay.

In addition, some of the delay can be attributed to factors that are quite within the norm for criminal proceedings. Although Yupa Yupa was arrested on May 23, 2018, he did not enter a guilty plea until July 20, 2018. Moreover, the district court could not have sentenced Yupa Yupa until the presentence investigation report and sentencing memoranda had been filed with the court, that is, as of October 29, 2018 (not counting a reply from the government that was filed on November 25, 2018). Although we cannot say that such a delay from this date—approximately six and a half months—would never be unreasonable, we cannot find that this delay—given the particular facts of the case, the timeframes at issue, the Guidelines range, and the ultimate sentence—caused any prejudice to Yupa Yupa.

Yupa Yupa also argued that he was prejudiced because his hearing on his asylum petition could not be held until he completed his sentence. Yupa Yupa, however, has not explained how his delayed sentencing hearing date affected his ability to receive asylum, or why the additional months he might be incarcerated awaiting his asylum hearing were the result of prejudice from the delay in sentencing in this

separate criminal matter. Nor has he explained any reasons why he was prejudiced by his brief and generalized claim of "anxiety and concern." Brief of Appellant at 6.

The six-and-a-half-month delay between the filing of the sentencing memoranda and the sentence (or the under-ten-month delay between the guilty plea and the sentencing) did not prejudice Yupa Yupa and therefore did not violate his rights under the Due Process Clause. The judgment of the district court is AFFIRMED.